IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

AUTHUR WOODS					PETITIONER

v.							No. 4:14CV175-SA-DAS

STATE OF MISSISSIPPI, ET AL.				RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Authur Woods for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Woods has not responded to the motion, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Authur Woods is currently in the custody of the Mississippi Department of Corrections and is currently housed the Marshall County Correctional Facility in Holly Springs, Mississippi. On December 16, 2005, Woods was convicted of one count of statutory rape in the Circuit Court of LeFlore County, Mississippi and sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections. Woods appealed and, on January 29, 2008, the Mississippi Court of Appeals affirmed his conviction and sentence. *Woods v. State*, 973 So.2d 1022 (Miss. Ct. App. 2008).[1] Woods did not seek rehearing in the Mississippi Court of Appeals.[2]

---

[1] A second count of statutory rape was dismissed by the trial court for insufficient evidence. *See Woods* at 1026.

[2] On June 27, 2008, the Mississippi Court of Appeals denied Woods' motion to recall the mandate and allow him to file an out of time motion for rehearing. **Exhibit C.**

## Discussion of Post-Conviction Pleadings[3]

Woods has filed multiple post-conviction pleadings in multiple courts. As such, the court must clarify the procedural history of this case by addressing each pleading in turn.

### Petition for Extraordinary Writ in Mississippi Supreme Court Cause No. 2008-M-1201.

Aurthur Woods' conviction became final on February 12, 2008, fourteen days after his conviction was affirmed, (January 29, 2008 + 14 days).[4] Therefore, unless Woods filed a "properly filed" application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before February 12, 2009, to toll the limitations period, his habeas petition would be filed too late. *See Grillete v. Warden, Winn Correctional Center,* 372 F.3d 765 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). On July 10, 2008, Woods filed a "Petition for Extraordinary Writ" in Mississippi Supreme Court Cause No. 2008-M-1201, seeking permission to file an out of time motion for rehearing in his direct appeal. **Exhibit D.** On August 27, 2008, the Mississippi Supreme Court denied Woods' request. **Exhibit E**. The request for permission to proceed out of time cannot be characterized as a "properly filed" application for post-conviction collateral relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2); as such, Woods is not entitled to statutory tolling for the pendency of this motion. Hence, Woods' federal petition for a writ of *habeas corpus* remained due in this court on February 12, 2009, one year from the date his conviction and sentence became final.

---

[3] The exhibits to which the court refers throughout this memorandum opinion can be found in the respondents' motion to dismiss.

[4] Because Woods' never sought rehearing in the Mississippi Court of Appeals, fourteen (14) days, the time period during which Petitioner could have sought such review, is added to the date on which his direct appeal ended and his conviction became final. *See* MRAP Rule 40(a); *see also Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).

### Motion for Post-Conviction Collateral Relief filed in
### Mississippi Supreme Court Cause No. 2008-M-1201.[5]

On October 16, 2008, Woods filed a "Post-Conviction Application" in Mississippi Supreme Court Cause No. 2008-M-1201. **Exhibit F.** Woods then filed a motion for an evidentiary hearing, a supplemental pleading, and an amendment in the same cause number. **Exhibits G, H, and I.** On December 16, 2008, the Mississippi Supreme Court held that Woods' petition did "not meet all the procedural requirements of Section 99-39-27 of the Mississippi Code" and ordered that the petition be returned to Woods with instructions that any future filings must comply with the rules. **Exhibit J**. As the Mississippi Supreme Court found that this application was not procedurally proper, it was not a "properly filed" PCR application as contemplated by 28 U.S.C. § 2244(d)(2). *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000) ("an application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."). As a result, Woods is not entitled to statutory tolling for the pendency of this motion. Thus, Woods' petition for a writ of *habeas corpus* remained due in this Court on or before February 12, 2009.

### "Motion to Refile Post-Conviction Pleadings" in
### Mississippi Supreme Court Cause No. 2008-M-1201.

On January 8, 2009, Woods signed a "Motion to Refile Post-Conviction Pleadings" and filed it in Mississippi Supreme Court Cause No. 2008-M-1201. **Exhibit K.** He then filed a supplemental pleading. **Exhibit L.** On April 8, 2009, the Mississippi Supreme Court partially granted Woods' motion and granted permission for Woods to file a post-conviction motion in the trial court raising "the issue of whether Woods was advised of the right to testify at trial," and "the issues of whether Woods' trial counsel and appellate counsel rendered constitutionally ineffective assistance of counsel."

---

[5] The Mississippi Supreme Court filed several of Woods' pleadings in this cause number.

**Exhibit M.** On October 16, 2009, Woods filed a "Motion to Vacate Conviction and Sentence" in LeFlore County Circuit Court Cause No. 2009-0102-CICI. **Exhibit N** (docket page). On March 22, 2010, the LeFlore County Circuit Court denied and dismissed Woods' post-conviction pleading. **Exhibit O.** Woods appealed the trial court's decision in Mississippi Supreme Court Cause No. 2010-TS-00447-COA; however, on April 22, 2010, Woods' appeal was dismissed for failure to pay costs. **Exhibit P**. The Mississippi Supreme Court's mandate issued on May 13, 2010. **Exhibit Q.**

As this was a "properly filed" application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. §2244(d)(2), Woods is entitled to 490 days of statutory tolling for the pendency of this pleading (January 8, 2009 through May 13, 2010). As such, Woods' petition for a writ of *habeas corpus* became due in this court by June 17, 2010 (February 12, 2009, plus 490 days).[6]

### Successive Post-Conviction Motion in Mississippi Supreme Court Cause No. 2008-M-1201.

On July 6, 2010, Woods signed an "Application for Leave to File Successive Motion for Post Conviction Collateral Relief on the Basis of Newly Discovered Evidence," which was docketed in Mississippi Supreme Court Cause No. 2008-M-1201. **Exhibit S.** Woods then filed a motion seeking to file an affidavit in support of his motion. **Exhibit T**. On October 6, 2010, the Mississippi Supreme Court granted Woods' application and ordered that the trial court hold an evidentiary hearing. **Exhibit U**. On September 8, 2011, following an evidentiary hearing in LeFlore County Circuit Court, Cause No. 2010-0027CI, the trial court denied Woods' motion for post-conviction collateral relief. **Exhibit**

---

[6] During the pendency of this post-conviction action, Woods filed a second post-conviction motion in LeFlore County Circuit Court in Cause No. 2010-0027-CI. That motion was dismissed by the trial court on March 22, 2010, for lack of jurisdiction because Woods had not first obtained permission from the Mississippi Supreme Court to file the motion. **Exhibit R**. As this pleading was filed in a court lacking jurisdiction to hear the cause, this was not a "properly filed" motion and does not warrant further statutory tolling. *See Artuz, supra*.

**V.** Woods then appealed his conviction and sentence in Mississippi Court of Appeals Cause No. 2012-CP-00379-COA. **Exhibit W**, *Woods v. State*, 141 So.3d 14 (Miss.Ct.App. 2014), *reh'g. denied* June 24, 2014. The state court of appeals' mandate issued on July 15, 2014. **Exhibit X.**[7] Woods, however, signed the initial pleading on July 6, 2010 – nineteen days after the expiration of the federal *habeas corpus* limitations period (June 17, 2010). As such, Woods is not entitled to statutory tolling for the pendency of this pleading.[8] Therefore, Woods' deadline to seek federal *habeas corpus* relief remained June 17, 2010.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[7] Several months after the court's mandate issued, Woods moved for out-of-time *certiorari* review, which was denied. **Exhibit Y**.

[8] However, even if Woods were granted statutory tolling for the pendency of his successive state post-conviction motion, his current petition for a writ of *habeas corpus* would still be untimely. Woods' successive state court petition was pending for a total of 1,470 days (July 6, 2010, through July 15, 2014). As such, even if the court were to give Woods the benefit of statutory tolling during this period, his petition for a writ of *habeas corpus* would have been due in this court on or before June 26, 2014 (June 17, 2010 plus 1,470 days). Woods did not date his petition for a writ of *habeas corpus* in this case, which was placed on this court's docket on December 11, 2014. Allowing three days for delivery by mail, the court estimates that Woods handed his petition to prison officials for mailing on approximately December 8, 2014 – 165 days after the June 26, 2014, federal *habeas corpus* deadline.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, Woods did not place a date on his federal petition for a writ of *habeas corpus*, which was received in this court on December 11, 2014. Allowing three days for delivery of through the United States Postal Service, the court estimates that Woods handed the petition to prison officials for mailing on December 8, 2014. Using this date, the instant petition was filed 1,635 days (over four years) after the June 17, 2010, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus be dismissed with prejudice and without evidentiary hearing as untimely filed

under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

      **SO ORDERED**, this, the 24th day of August, 2015.

                                                                            **/s/ Sharion Aycock**
                                                                             **U.S. DISTRICT JUDGE**